# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISON

---

LORI LOCY,

      Plaintiff,

vs.

                                                 Case No.: 06-C-673

KIMBERLY-CLARK CORPORATION,

      Defendant.

---

## PROTECTIVE ORDER

---

**IT IS HEREBY ORDERED**:

    1.    This Protective Order shall govern all documents and discovery materials produced within the context of this litigation.

    2.    The term "document" as used herein shall include, without limitation, correspondence, memoranda, stenographic and handwritten notes, diagrams, studies, publications, books, pamphlets, pictures, photographs, drawings and schematics of every type, films, videotapes, tape recordings, maps, reports, surveys, minutes, telegrams, telexes, contracts, memoranda of agreement, diaries, graphs, charts, checks, bank statements, income tax forms, other forms, microfilms, microfiche, computations, data processing cards, computer records and computer tapes and printouts and things similar to any of the foregoing; and every copy of such document whenever the original is not in a party's possession, custody or control; and any document bearing on any sheet or side thereof. Any markings such as, but not limited to, initials, stamped indicia,

comments or notations of any character not a part of the original text or photographic reproduction thereof, are to be considered and identified as a separate document.

3. As used herein, the term "counsel of record" shall mean the attorneys of record and such legal associates, paralegals and clerical or other support staff who are employed by such counsel and actually involved in assisting in the litigation. The term "agent of record" shall mean the duly authorized agent designated in writing to act on behalf of a party.

4. As used herein, the term "person" shall mean in the plural as well as in the singular, any individual, corporation, firm, association, partnership, business trust, governmental body or any other legal or business entity, unless specified herein to the contrary.

5. As used herein, the term "party" shall mean, in the plural as well as the singular, (i) Plaintiff Lori Locy, and (ii) Defendant Kimberly-Clark Corporation and any related entity.

6. Certain documents to be produced by the parties during discovery in this litigation contain information that is confidential and proprietary to either one or both of the parties. Such documents include: all personnel files; disciplinary records; payment and benefit records; medical records or files; employment policies and procedures; attendance and leave of absence records; investigation files; handwritten notes; e-mails among Kimberly-Clark employees; any records or notes mentioning or dealing with individuals who are not party to this litigation; documents containing financial information; records or notes relating to Kimberly-Clark's business processes and practices, business strategies, customers, products, operating procedures, machines, equipment, formulas, workplace safety and health issues, and marketing practices; any documents containing trade secrets as defined by Wisconsin law; and any documents or information that the parties or

2

their counsel could learn or obtain only because of the parties' former employment relationship or this litigation. These documents are hereafter referred to as "Confidential Documents." Except as otherwise indicated below, all documents designated as "Confidential" and that are produced by any party in this litigation shall be Confidential Documents and shall be given confidential treatment as described below.

7. Confidential Documents and the material contained therein shall not be used, shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than as required for the preparation and trial of this action, or as otherwise agreed to in writing by all parties. Except as provided for in the paragraph below, the parties shall keep all Confidential Documents and the material contained therein confidential from all persons.

8. Confidential Documents can be shown only to the following persons:

(a) Either party;

(b) All counsel or agents of record in this action;

(c) Employees of such counsel assigned to and, as determined by counsel, necessary to assist such counsel in the litigation of this action;

(d) Experts and consultants retained by the parties whose assistance is necessary for the litigation of this action;

(e) Witnesses during, or in preparation for, depositions or trial; and

(f) The Court, Trier of Fact, court reporter(s), and/or Mediator.

9. All persons to whom the parties intend to deliver, exhibit, or disclose any Confidential Document or material contained therein shall be subject to and bound by the terms of this Protective Order. Said parties shall advise such persons of the existence of this Protective Order and their duty to comply with the same with regard to Confidential Documents.

10. To the extent that any Confidential Document is used in the taking of depositions, all such documents and information shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony directly dealing with the Confidential Documents or information. At the time any Confidential Document is used in any deposition, the reporter will be informed of this Protective Order and will be required to operate in a manner consistent with this Protective Order.

11. The provisions of this Protective Order shall not terminate at the conclusion of this action and will continue for the period during which the parties retain their files developed in this litigation.

12. The court retains the right to allow disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interest of justice.

Dated this   2nd   day of February, 2007.

s/ William C. Griesbach
WILLIAM C. GRIESBACH, JUDGE
UNITED STATES DISTRICT COURT